## IN THE UNITED STATES DISTRICT COURT
## FOR SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID ANDREW BARDES, | : | |
| | : | Case No. 1:22CV290 |
| Plaintiff, | : | |
| | : | Judge Douglas R. Cole |
| v. | : | |
| | : | Magistrate Judge Stephanie K. Bowman |
| GEORGE WALKER BUSH, et al., | : | |
| | : | |
| Defendants. | : | |

**MOTION TO DISMISS OF DEFENDANTS ALPHABET, INC. AND LAWRENCE PAGE**

Pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6), Defendants Alphabet, Inc. ("Alphabet") and Lawrence Page ("Mr. Page" and together with Alphabet, "Defendants") move to dismiss, with prejudice, the claims asserted against them by Plaintiff David Andrew Bardes in his Verified Complaint (the "Complaint"). Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted. Moreover, Plaintiff has failed to plead any allegation demonstrating that the assertion of personal jurisdiction over Defendants would comport with due process or that venue is proper in this jurisdiction. A memorandum in support is attached.

Respectfully submitted,

*/s/     Rajeev K. Adlakha*
Rajeev K. Adlakha (0087096)
Karey E. Werner (0095685)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, Ohio  44114
Telephone:    (216) 479-6100
Facsimile:    (216) 479-6060
Email:        rkadlakha@vorys.com
              kewerner@vorys.com

*Attorneys for Defendants Alphabet, Inc. and Lawrence Page*

**MEMORANDUM IN SUPPORT**

Plaintiff's *pro se* complaint sets forth a fantastical tale of alleged retaliation by a former president, the CIA, and other government and corporate actors. The sum total of Plaintiff's allegations against Defendants (construed liberally) is that they participated in his oppression by briefly removing Plaintiff's webpage from its favorable Google search-results position and by visiting Plaintiff's public website. These allegations—even if accepted as true—fail to state any claim for relief against Defendants. Moreover, Plaintiff has wholly failed to allege that the assertion of personal jurisdiction over Defendants would comport with due process or that venue is appropriate in this district. Accordingly, Plaintiff's claims against Defendants should be dismissed with prejudice.

**BACKGROUND**

Plaintiff claims that he was the victim of "Cold Cell" torture when he was arrested in 2004 (falsely, he alleges) for failure to pay child support. (Doc. 1 at PAGEID 2.) Following his release, Plaintiff claims that he filed at least four lawsuits (not counting this one) regarding his torture allegations, each of which was promptly dismissed or he otherwise lost. (*Id.* at PAGEID 2-4, 9.) He also wrote a book on the subject. (*Id.* at PAGEID 5-6.)

At the heart of Plaintiff's Complaint is his belief that former President George W. Bush and other former or current government officials are trying to silence him. As is relevant to the allegations against Defendants, Plaintiff allegedly operated a website that "chronicled all of [his] research on Cold Cell torture." (*Id.* at PAGEID 3.) Plaintiff alleges that Mr. Page was Google's CEO and that Mr. Page allegedly visited Plaintiff's website. (*Id.* at PAGEID 6.) President Bush allegedly "ordered Google to remove [his] website from it [sic] first place search result position." (*Id.*) Google is alleged to have briefly complied, only to quickly return the website to its former

"first place search result position." (*Id.*) Plaintiff does ***not*** mention Defendant Alphabet in his Complaint allegations.

Plaintiff is suing his "oppressors directly for the reckless infliction of emotional distress, among other things." (*Id.* at PAGEID 10.)

## LAW AND ARGUMENT

I. **The Complaint Fails To Adequately Plead a Viable Cause of Action Against Defendants.**

A court should dismiss a complaint for failure to state a claim when it fails to allege a set of facts entitling a plaintiff to recovery. *See* Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, the plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (citation omitted).

Further, a pleading must contain a "short and plain statement of the claim" demonstrating that the plaintiff is "entitled to relief." Fed. R. Civ. P. 8 (a). A complaint will not suffice if it "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quotations and citations omitted). Likewise, "[a] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (quotations and citations omitted).

While *pro se* plaintiffs are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285 (1976)), a *pro se* plaintiff still has "a responsibility to meet the requirements of the law, which include setting out the specific nature of

each of their claims and the specific facts supporting each claim." *Lomax v. Sears, Roebuck & Co.*, No. 99-6589, 2000 U.S. App. LEXIS 33884, *16 (6th Cir. Dec. 19, 2000).

### A. The Complaint is Devoid of Operative Facts.

Plaintiff's Complaint consists entirely of speculation and unsupported conclusions that do not (and cannot) satisfy basic pleading standards or amount to an intelligible complaint against Defendants. *Iqbal*, 556 U.S. at 668 (noting a complaint must include more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."). First, without any factual support, Plaintiff concludes that President Bush directed Google to remove Plaintiff's website from its search-results position simply because its position dropped temporarily. (Doc. 1 at PAGEID 6.) Plaintiff then conclusorily assumes that Mr. Page visited his website seemingly whenever an individual's IP address appears related to Google. (*See e.g.*, Doc. 1-1 at PAGEID 18, 19, 24.)

Second, Plaintiff wholly failed to set forth a "short and plain statement of the claim" demonstrating that Plaintiff is "entitled to relief" from Alphabet, Fed. R. Civ. P. 8 (a), because Plaintiff did not once mention Alphabet in the body of his Complaint. *See Smith v. City of Cincinnati*, No. 1:12-cv-648, 2013 U.S. Dist. LEXIS 19441, at *7 (S.D. Ohio Feb. 13, 2013) ("Even under the liberal construction afforded to pro se plaintiffs, the instant complaint must be dismissed. The complaint fails to include any allegations as to how, why, or for what conduct these individuals have been named as defendants.").

### B. Any Conceivable Causes of Action Fail as a Matter of Law.

While Plaintiff generally alleged that he is seeking relief for reckless infliction of emotion distress (Doc. 1 at PAGEID 10), he failed to plead any operative facts demonstrating that Defendants "intentionally or recklessly caus[ed] severe emotional distress through extreme and outrageous conduct." *Cook v. Kudlacz*, 2012-Ohio-2999, ¶¶ 87-89, 974 N.E.2d 706, 724-25 (Ct.

App.), citing *Baghani v. Charter One Bank F.S.B.,* 2009-Ohio-490, ¶ 21 (Ct. App.). Under Ohio law, the four elements of a claim for reckless infliction of emotional distress are "1) conduct so extreme and outrageous in character that it is considered utterly intolerable in a civilized society; 2) the defendant either intended to cause or knew or should have known that his conduct would cause the plaintiff emotional distress; 3) the defendant's conduct was the proximate cause of the plaintiff's emotional distress, and; 4) the plaintiff's emotional distress was both severe and debilitating." *Swartz v. DiCarlo*, No. 1:12CV3112, 2014 U.S. Dist. LEXIS 138271, at *8 (N.D. Ohio Sep. 29, 2014) (citations omitted); *Hunt v. City of Toledo Law Dep't*, 881 F. Supp. 2d 854, 886 (N.D. Ohio 2012) ("Under Ohio law, reckless infliction of emotional distress and intentional infliction of emotional distress are the same cause of action." (citations omitted)). Plaintiff failed to plead any extreme or outrageous conduct by Defendants which was intended to cause and did cause him emotional distress. Again, Plaintiff did not once mention Alphabet in his complaint allegations. And there is nothing extreme and outrageous about Mr. Page allegedly visiting a public website or managing a search engine that briefly disfavors a website, the only allegations that relate to him. Accordingly, Plaintiff has failed to state a cause of action against Defendants for reckless infliction of emotional distress.

More foundationally, Plaintiff did not identify any other purported causes of action in his Complaint, and his allegations do not satisfy the elements of any conceivable cause of action. For instance, Plaintiff does not allege the existence of any contract with Defendants nor any statutory provision that purportedly grants him any rights to any particular Google search-results position or protects his public website from being viewed. *Skycasters, LLC v. Kister*, 2021-Ohio-4154, ¶ 42 (Ct. App.).

### C.  Plaintiff has Failed to Allege Any Facts Justifying Piercing the Corporate Veil.

While Plaintiff has failed to adequately plead any cause of action against Alphabet or Mr. Page, to the extent he seeks to hold Defendants liable for the alleged operation of the Google search engine, he has failed to allege facts sufficient to justify piercing the corporate veil.

As noted above, there are no allegations whatsoever regarding Alphabet, much less any setting forth any supposed responsibility for the Google search engine.[1] While Mr. Page is alleged to be "Google's CEO," "[t]he principle that shareholders, officers, and directors of a corporation are generally not liable for the debts of the corporation is ingrained in Ohio law." *Dombroski v. WellPoint, Inc.*, 2008-Ohio-4827, ¶ 16, 119 Ohio St. 3d 506, 510, 895 N.E.2d 538, 542.

To overcome this presumption against personal liability, a plaintiff must "pierce the corporate veil." *Auto Sale, L.L.C. v. Am. Auto Credit, L.L.C.*, 2015-Ohio-4763, ¶ 21 (Ct. App.). The plaintiff must meet a three-prong test for piercing to occur:

> (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

*Id.*, quoting *Dombroski* at ¶ 18; *see also Am. Energy Corp. v. Am. Energy Partners*, No. 2:13-cv-886, 2014 U.S. Dist. LEXIS 64524, at *9 (S.D. Ohio May 9, 2014).

Plaintiff has failed to allege even in a conclusory manner the elements required to pierce the corporate veil. Without an effort even to address the required elements, Plaintiff has failed to

---

[1] But even if the complaint had alleged that Google was operated by a subsidiary of Alphabet, a parent corporation is not liable for a subsidiary's conduct, and officers of a corporation are not personally liable for the corporation's conduct. Indeed, "[i]t is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61, 118 S. Ct. 1876, 1884 (1998).

state a claim on which he could recover against Defendants. His claims therefore must be dismissed.

II. **Plaintiff Has Failed To Plead Any Allegations Demonstrating that the Assertion of Personal Jurisdiction over Defendants Would Comport with Due Process or that the Southern District of Ohio is an Appropriate Venue.**

Plaintiff has failed to plead a single allegation to establish that the assertion of personal jurisdiction over the nonresident Defendants (the summonses were addressed to California addresses (Doc. 3 at PAGEID 65-66)) would comport with due process. As such, Plaintiff's Complaint fails to make a prima facie showing of jurisdiction over Defendants and dismissal is therefore warranted. *See* Fed. R. Civ. P. 12(b)(2). Moreover, Plaintiff has failed to plead a single allegation demonstrating that venue is proper in this district, which also warrants dismissal. *See* Fed. R. Civ. P. 12(b)(3).

    A. **Plaintiff Has Failed To Satisfy His Burden of Establishing that Defendants have Minimum Contacts with Ohio.**

Plaintiff asserts that this Court has subject-matter jurisdiction pursuant to the diversity of the parties.[2] (Doc. 1 at PAGEID 1.) In diversity cases, federal courts look at the forum state's laws to determine whether personal jurisdiction exists. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). Ohio's personal jurisdiction statute was recently amended to provide, "In addition to a court's exercise of personal jurisdiction under division (A) of this section, a court may exercise personal jurisdiction over a person on any basis consistent with the Ohio Constitution and the United States Constitution." Ohio Rev. Code Ann. § 2307.382. Accordingly, under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, personal jurisdiction over a nonresident defendant is permissible "only if the defendant has 'certain

---

[2] Defendants do not concede that diversity jurisdiction is proper in this case.

minimum contacts with * * * [the forum state] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" *Fallang v. Hickey*, 40 Ohio St. 3d 106, 107, 532 N.E.2d 117, 118 (1988), quoting *Internatl. Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It is a plaintiff's burden to prove that the Court may exercise personal jurisdiction. *513 Ventures, LLC v. PIV Ents.*, No. 1:11-cv-573, 2012 U.S. Dist. LEXIS 39775, at *3 (S.D. Ohio Mar. 23, 2012) (citations omitted).

Here, Plaintiff has failed to plead a single allegation that shows that the assertion of personal jurisdiction over the nonresident Defendants would comport with due process. As such, dismissal is proper pursuant to Civil Rule 12(b)(2).

### B. Plaintiff Has Not Pled Any Allegations Demonstrating that Venue Is Appropriate Pursuant to 28 U.S.C. § 1391(b).

Venue in federal court is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). It is a plaintiff's burden to establish "proper venue after an objection to venue has been raised." *513 Ventures, LLC*, 2012 U.S. Dist. LEXIS 39775, at *11 (citing *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio 2002)).

Plaintiff has failed to demonstrate that venue is proper in this district. First, the Complaint is devoid of any allegations regarding where each defendant resides. Second, as noted above, Plaintiff failed to demonstrate that Defendants are subject to the Court's personal jurisdiction. Finally, Plaintiff has not alleged that a substantial part of the events or omissions giving rise to

Plaintiff's claim occurred in this district or even in Ohio. Indeed, Plaintiff alleges that in 2019 he "fled Brevard, North Carolina for northern Michigan," and Plaintiff's signature block states that his postage address is in Kentucky. (Doc 1, PAGEID 10.) Accordingly, "[d]ismissal for improper venue is appropriate when the plaintiff has not asserted that any event, act, or omission upon which [his] claims are based occurred in [his] chosen forum." *513 Ventures, LLC*, 2012 U.S. Dist. LEXIS 39775, at *12.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants Alphabet and Mr. Page should be dismissed with prejudice.

Respectfully submitted,

*/s/ Rajeev K. Adlakha*
Rajeev K. Adlakha (0087096)
Karey E. Werner (0095685)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, Ohio  44114
Telephone:    (216) 479-6100
Facsimile:    (216) 479-6060
Email:        rkadlakha@vorys.com
              kewerner@vorys.com

*Attorneys for Defendants Alphabet, Inc. and Lawrence Page*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2022, a copy of the foregoing was served on all counsel of record via CM-ECF, and, pursuant to Civ. R. 5(B)(2)(c), was sent via regular United States Mail to the following parties:

David Andrew Bardes
131 Becky Court
Walton, Kentucky 41094

George Walker Bush
Office of George W. Bush
P.O. Box 259000
Dallas, Texas 75225-9000

Richard Bruce Cheney
1789 Massachusetts Ave. N.W.
Washington, DC 20036

William Henry Gates III
P.O. Box 23350
Seattle, WA 98102

Microsoft Corporation
Legal Department
One Microsoft Way
Redmond, WA 98052

*/s/      Rajeev K. Adlakha*
Rajeev K. Adlakha (0087096)

*Counsel for Defendants Alphabet, Inc. and Lawrence Page*