**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**DAVID ANDREW BARDES,**

    **Plaintiff,**

    v.

**GEORGE WALKER BUSH,** *et al.*,

    **Defendant.**

**Case No. 1:22-cv-290
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman**

**OPINION AND ORDER**

"Extraordinary claims require extraordinary evidence." *Savage v. Warden, Pickaway Corr. Inst.*, No. 1:21-cv-33, 2022 WL 4357465, at *14 (S.D. Ohio Sept. 20, 2022) ("borrow[ing] a phrase from Carl Sagan"). David Bardes tells a truly extraordinary story—one that could be ripped from the pages of a political thriller. He has long researched and published his claim that President George W. Bush, Vice President Dick Cheney, and others have used hypothermic torture on their enemies, indirectly leading to its use on him, as well. (R&R, Doc. 28, #326). Now, though, he claims the pair are in cahoots with Microsoft, Google, Apple, and the current or former CEOs of those companies "to silence his research and writings, including through attempts to kill him." (*Id.*).

The Court does not question the sincerity of Bardes's beliefs. But courts do not accept "allegations that are sufficiently fantastic to defy reality as we know it," like "claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel." *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (Souter, J., dissenting)). After

reviewing the Magistrate Judge's Report and Recommendation (Doc. 28), the Court agrees with her that Bardes's story has no legal merit and no plausible basis in reality. So the Court **ADOPTS** the R&R's (Doc. 28) conclusions, although for slightly different reasons. Thus, the Court **DISMISSES** Bardes's Complaint (Doc. 1) **WITH PREJUDICE**. And the Court **DENIES** all pending motions (Docs. 5, 8–13, 15, and 25) as **MOOT** and **OVERRULES** Bardes's Objections (Doc. 31). Finally, the Court notifies Bardes that, should he file any more frivolous complaints, the Court will declare him a vexatious litigator.

## BACKGROUND

### A. Bardes's Complaint

After paying his filing fee, Bardes filed his Complaint. In her R&R, the Magistrate Judge extensively describes the factual basis of Bardes's Complaint. The Court will quote her liberally. Bardes's Complaint names "eight individual and corporate defendants." (Doc. 28, #325). These are former President George W. Bush, former Vice President Dick Cheney, Bill Gates, Microsoft, Alphabet (Google's parent company), Larry Page (Google's co-founder and Alphabet's former CEO), Apple, and Tim Cook (Apple's current CEO). "In addition, [Bardes] includes two individual defendants identified only as John and Jane Doe." (Doc. 28, #326).

Apparently, after he was falsely accused of failing to pay child support, he was jailed, though he doesn't say where. While incarcerated, he endured hypothermic torture, which he also calls Cold Cell torture. (*Id.*). After his release from a Cold Cell, he says he "began researching punishment holding cells" and apparently learned that

2

President Bush and others regularly used Cold Cell torture. (*Id.*). "He alleges that he blew the whistle by publishing a book and operating a website that chronicled all of [his] research on Cold Cell torture and associated murders."(*Id.* at #326) (citations and internal quotation marks omitted).

Now, Bardes thinks "former President George W. Bush and other former or current government officials, along with three large corporations and their current or former CEOs, are trying to silence his research and writings, including through attempts to kill him." (*Id.*). He has sued various parties on similar grounds before, (*id.* at #327–31), but thinks that the defendants colluded to get those suits dismissed, (*id.* at #326). He also accuses them of retaliating against him using "clandestine efforts by CIA or other government agents to befriend him, to pay him off, to dig up dirt on him, to prosecute him, and/or to physically harm and murder him." (*Id.*).

In terms of relief, Bardes "seeks $17 billion dollars [sic] in compensatory damages, and triple that amount in extraordinary damages from all defendants for the reckless infliction of emotional distress, among other things." (*Id.* at #326–27 (citations and internal quotation marks omitted)).

B.  **Pending motions**

After Bardes filed the Complaint, Bardes and several defendants filed a flurry of motions, several of which are pending. The pending motions include the following. First, Bardes moved for default judgment against President Bush, who has yet to appear. (Doc. 5). Next, he moved for default judgment against Gates and Microsoft, who had also failed to appear at the time. (Doc. 8). Microsoft has since appeared. (Doc.

23). He also moved for default judgment against Vice President Cheney, who has yet to appear. (Doc. 10). And he moved for default judgment against Apple (Doc. 15) and seemingly against Cook as well (Doc. 13). But by the time he did so, they had appeared. (Doc. 7). Finally, he moved to compel the Court to process his default judgment motions. (Doc. 9, #90).

There are also three pending motions to dismiss on the docket. Alphabet and Larry Page move to dismiss the case. (Doc. 11). Their motion "seeks dismissal under Rule 12(b)(6) based upon Plaintiff's failure to state any claim." (Doc. 28, #327). They also argue that "this Court lacks personal jurisdiction over the Alphabet defendants, and that venue does not lie in the Southern District of Ohio." (*Id.*).

Apple also moves to dismiss. (Doc. 12). "Apple's motion points out that [Bardes] filed a prior lawsuit in this Court on September 20, 2021 that contained substantially identical allegations." (Doc. 28, #327 (citation omitted)). So the motion "seeks dismissal with prejudice under Rule 12(b)(6) based upon the doctrine of claim preclusion, as well as for failure to state a claim." (*Id.*). Apple also "seeks dismissal for lack of personal jurisdiction, for improper venue, and for insufficient service of process." (*Id.*).

Finally, Microsoft also seeks dismissal. (Doc. 25). "Microsoft's motion discusses [Bardes]'s long history of filing frivolous lawsuits based on the same or similar allegations as those contained in this case." (Doc. 28, #327 (citations and internal quotation marks omitted)). Note, though, that Microsoft seeks dismissal for failure to state a claim, not claim preclusion. (Doc. 25, #305). And, "[i]n addition to seeking

4

dismissal for failure to state a claim under Rule 12(b)(6), Microsoft seeks dismissal for insufficient service of process." (*Id.*).

**C.    The R&R**

The Magistrate Judge concludes that Bardes's complaint is legally and factually frivolous. She offers two major reasons. First, the doctrine of claim preclusion (formerly known as res judicata) prevents Bardes from re-litigating the same allegations and claims he has litigated (and lost) before. (Doc. 28, #333–36). Second, the claim is "fantastic or delusional." (*Id.* at #336–39).

For these reasons, along with others offered by Alphabet, Larry Page, and Apple, the Magistrate Judge recommends that the Court not only grant their motions to dismiss but also sua sponte dismiss the whole case with prejudice under Fed. R. Civ. P. 12(b)(6). (Doc. 28, #345–46). She also recommends that the Court warn Bardes "that any further frivolous filings in this Court may result in [him] being declared a vexatious litigator." (*Id.* at #346). This would impose a pre-filing review requirement on him in future lawsuits.

Separately, the Magistrate Judge also concludes that venue is improper, (*id.* at #339–41), that the Court lacks personal jurisdiction over any of the defendants, (*id.* at #341), and that there was insufficient service of process, (*id.* at #341–43). So, in the alternative, she recommends the Court dismiss the case under Fed. R. Civ. P. 12(b)(2), 12(b)(3), or 12(b)(5). (Doc. 28, #346).

5

**D.     Bardes's Objections**

In his Objections to the R&R, Bardes mostly attempts to prove that he is competent, highly intelligent, successful, and sane, to rebut the Magistrate Judge's conclusion that his complaint is "fantastic or delusional." (*See generally* Doc. 31). He also addresses each of her other bases for recommending dismissal except lack of personal jurisdiction.

Bardes begins with claim preclusion, arguing it does not apply for two reasons. First, it does not apply because the previous action was a petition for a writ of mandamus, while this one is a personal injury claim. (*Id.* at #384–85). Second, apparently his previous lawsuit "ended in 2017," while the events here "occurred in 2019 and 2021."[1] (*Id.* at #385).

Bardes then addresses improper service, failure to state a claim, and improper venue. Because he is proceeding pro se, he says that it is unfair to expect him to properly serve the defendants. (*Id.*). He says that he believes he properly stated a claim, but moves for leave to amend his complaint to cure any defects. (*Id.*). And finally, he says that venue is proper because "the most egregious efforts to kill [him] … occurred in Cincinnati." (*Id.* at 386).

---

[1] Note that the Magistrate Judge bases her claim preclusion analysis on *Bardes v. United States*, No. 1:21-CV-598, 2021 WL 4621568, at *2 (S.D. Ohio Oct. 7, 2021), *report and recommendation adopted,* No. 1:21-CV-598, 2021 WL 6063286 (S.D. Ohio Dec. 21, 2021), *aff'd,* No. 22-3063, 2022 WL 18461490 (6th Cir. Aug. 3, 2022). The Court issued that decision in 2021, not 2017.

**E.     Alphabet and Page's Response to Bardes's Objections**

Alphabet and Page responded to Bardes's Objections. (Doc. 32). They disagree with Bardes's accusations that the Magistrate Judge "predicat[ed] her recommendations on Plaintiff's mental state." (Doc. 32, #779). Instead, they say, she "provided thoughtful analysis of the legal bases for why Defendants' motions should be granted and why [Bardes]'s claims should be summarily dismissed." (*Id.* at #779–80).

Meanwhile, they say that Bardes's "objections merely state his disagreement with the R&R['s] conclusions, reaffirm his complaint's conclusory allegations … and take issue with the perceived slight regarding his mental state." (*Id.* at #780). They conclude that, because his "objections are simply a mere disagreement [sic] with the R&R without providing a sufficient basis for why the R&R should not be adopted[,] … the Magistrate Judge's Report and Recommendation should be adopted in its entirety." (*Id.*).

Given the passage of time, the Court expects no other response to Bardes's Objections. Thus, the matter is ripe for review.

**LEGAL STANDARD**

Under Fed. R. Civ. P. 72(b)(3), district courts review an R&R de novo after a party files a timely objection. This review, however, applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). In response to such an objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive

7

further evidence; or return the matter to the magistrate judge with instructions.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)).

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. United States*, No. 1:16-cv-802, 2017 WL 680634, at *1 (S.D. Ohio Feb. 21, 2017). A litigant must identify each issue in the R&R to which he or she objects with sufficient clarity that the Court can identify it, or else the litigant waives the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious").

That said, Bardes is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

For unobjected portions of the R&Rs, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." See *Redmon v. Noel*, No. 1:21-CV-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

8

## LAW AND ANALYSIS

The Magistrate Judge recommends sua sponte dismissal with prejudice. By this she means the Court should dismiss the whole case on its own accord and not give Bardes an opportunity to amend his Complaint. But "[g]enerally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Benson v. O'Brian,* 179 F.3d 1014 (6th Cir. 1999)). And here Bardes has paid a filing fee.

So let's start with a basic question—can the Court sua sponte dismiss the case despite Bardes having paid? Yes. Even if a plaintiff has paid a filing fee, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, *frivolous*, devoid of merit, or no longer open to discussion." *Id.* (emphasis added) (citing *Hagans v. Lavine,* 415 U.S. 528, 536–37 (1974) (collecting cases)). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[2]

---

[2] In *Neitzke*, the Supreme Court defined frivolousness while considering *in forma pauperis* complaints (ones where the plaintiff has not paid a filing fee). But the Sixth Circuit has applied *Neitzke*'s formulation of frivolousness in the *Apple v. Glenn* context numerous times. *See Clark v. United States*, 74 F. App'x 561 (6th Cir. 2003); *Hassink v. Mottl*, 47 F. App'x 753 (6th Cir. 2002); *Forbush v. Zaleski*, 20 F. App'x 481 (6th Cir. 2001); *Odom v. Martin*, 229 F.3d 1153 (6th Cir. 2000).

As further described below, the Magistrate Judge rightly concludes Bardes's Complaint is both legally and factually frivolous.³ So the Court will sua sponte dismiss the case under Fed. R. Civ. P. 12(b)(1). And, though courts typically dismiss under 12(b)(1) without prejudice, the Court agrees with the Magistrate Judge's recommendation that it should dismiss Bardes's Complaint with prejudice.

Finally, as the Court finds frivolousness independently sufficient to warrant dismissal, the Court declines to consider any of the alternative grounds the R&R raises for recommending dismissal, nor Bardes's objections to those grounds.

**A.    Bardes's Complaint is legally frivolous.**

A complaint is legally frivolous when it is based on "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 325. The Magistrate Judge suggests that Bardes's Complaint is meritless because claim preclusion (or res judicata) bars it. (Doc. 28, #333). Claim preclusion is a legal doctrine which provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Montana v. United States,* 440 U.S. 147, 153 (1979)).

Before the Court embarks on an extended claim preclusion analysis, though, the Court first addresses whether claim preclusion is an appropriate basis for sua

---

³ The Magistrate Judge uses the phrase "fantastic or delusional," which courts widely use. *See, e.g., Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citing *Neitzke*, 490 U.S. at 328) ("[A] judge does not have to accept 'fantastic or delusional' factual allegations as true"). Bardes seems to take this to mean that the Magistrate Judge considers him medically insane. (Doc. 31, #376). She never said that and, in fact, took great care to be respectful. (*See* Doc. 28, #326 ("As best the undersigned can discern, Plaintiff sincerely believes" his allegations)). Still, to avoid this confusion, the Court will use "factually frivolous" wherever possible.

10

sponte dismissal. After all, claim preclusion is "an affirmative defense available to the defending party, and '[c]ourts generally lack the ability to raise an affirmative defense sua sponte.'"[4] *Neff v. Flagstar Bank, FSB*, 520 F. App'x 323, 327 (6th Cir. 2013) (citing *Hutcherson v. Lauderdale Cnty.,* 326 F.3d 747, 757 (6th Cir. 2003)). But "a court may take the initiative to assert the res judicata defense sua sponte in 'special circumstances.'" *Id.* One such circumstance is "when 'a court is on notice that it has previously decided the issue presented.'" *Id.* (quoting *Arizona v. California,* 530 U.S. 392, 412 (2000)). Two years ago, this Court dismissed Bardes's petition for a writ of mandamus based on essentially identical facts. *See Bardes v. United States*, No. 1:21-CV-598, 2021 WL 4621568, at *2 (S.D. Ohio Oct. 7, 2021), *report and recommendation adopted,* No. 1:21-CV-598, 2021 WL 6063286 (S.D. Ohio Dec. 21, 2021), *aff'd,* No. 22-3063, 2022 WL 18461490 (6th Cir. Aug. 3, 2022). So this justifies sua sponte dismissal, assuming claim preclusion applies.

---

[4] Only one party raises claim preclusion on its own—and even then, not correctly. Apple raises it in a motion to dismiss rather than in an answer. But a party can raise an affirmative defense as a basis for dismissal only if "the plaintiffs' complaint contains facts which satisfy the elements of the defendant's affirmative defense." *Estate of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 926 (6th Cir. 2013). Here, Bardes's Complaint does not.

Nonetheless, Bardes "was both party to and counsel in the previous suit and as such he was intimately familiar with the factual and legal bases of defendant's motion. Therefore, he cannot claim that he was prejudiced by the form of the pleadings." *Platsis v. E.F. Hutton & Co.*, 946 F.2d 38, 42 (6th Cir. 1991) (citing *Wright v. Holbrook,* 794 F.2d 1152 (6th Cir. 1986)). So the Court could potentially reach the argument at least as to Apple. However, neither Larry Page and Google nor Microsoft raise claim preclusion at all in their motions to dismiss. And, of course, several other parties have failed to appear. So if the Court contemplates dismissing the whole case due to claim preclusion, the better approach would be to do so sua sponte.

With that settled, the Court turns to claim preclusion proper.[5] The doctrine applies when there is:

1. a final decision on the merits by a court of competent jurisdiction;
2. a subsequent action between the same parties or their "privies";
3. an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and
4. an identity of the causes of action.

*Bragg*, 570 F.3d at 776 (6th Cir. 2009) (quoting *Bittinger v. Tecumseh Prods. Co.,* 123 F.3d 877, 880 (6th Cir. 1997)).

### 1. This Court issued a final decision on the merits.

*Bardes v. United States*, 2021 WL 6063286 is a final decision on the merits, decided by this Court. There, the Court dismissed Bardes's petition for a writ of mandamus, where he asked the Court to compel the executive branch to charge and prosecute Bush, Cheney, and several unnamed CIA officers for hypothermic torture. *See* 2021 WL 4621568, at *2, *report and recommendation adopted,* 2021 WL 6063286. The Sixth Circuit affirmed, 2022 WL 18461490, and the time to petition the Supreme Court for a writ of certiorari has expired.

---

[5] The Magistrate Judge notes that, while she believes Ohio law should apply when this Court analyzes claim preclusion in diversity jurisdiction, under *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001), and *Prod. Sols. Int'l, Inc. v. Aldez Containers, LLC*, 46 F. 4th 454, 457–58 (6th Cir. 2022), there is an argument that federal law should apply, as the prior case was in the same federal court, *see Askew v. Davidson Cnty. Sheriff's Off.*, No. 3:19-cv-00629, 2020 WL 587424, at *3 (M.D. Tenn. Feb. 6, 2020). (Doc. 28, #333). She goes on to clarify that there is no real effect here, because "both Ohio law and federal law preclude re-litigation of any issue previously litigated, even if based on a different cause of action." (*Id.* at #333–34 (citing *In re Trost*, 510 B.R. 140, 150-151 (W.D. Mich. 2014); *State ex rel. Nickoli v. Erie MetroParks*, 923 N.E. 2d 588, 592 (Ohio 2010)). Because the Court agrees with the Magistrate Judge that the choice of law question does not affect the outcome of the case in any way, and Bardes's objections don't address the matter, the Court declines to address it.

12

### 2. Privity exists.

Even if the named parties are not identical, privity can exist in the subsequent action when:

- the stranger to the first action is so closely related to one of the parties that a subsequent claim will merely repeat the prior claim;
- there was no reason why the plaintiff could not have asserted these claims in the prior proceeding; and
- the precluded plaintiff had a full and fair opportunity to litigate the issues involved during the prior proceeding.

*Platsis*, 946 F.2d at 42.

The parties in *Bardes v. United States* and the parties in the subsequent action, this one, are not identical. But in the earlier case, Bardes alleged that every single named defendant here colluded with George W. Bush, Dick Cheney, and the CIA to target him. (*See generally* Doc. 3-1 in Case No. 1:21-cv-598). He thus easily could have joined these parties to his earlier suit and sought monetary damages against them. And Bardes litigated that case fully—again, as noted above, he even availed himself of his appellate rights before the Sixth Circuit, which affirmed this Court's decision.

### 3. Bardes should have litigated the issues here in the prior action.

"[T]he third element of claim preclusion not only prohibits parties from bringing claims they already have brought, but also from bringing those claims they *should* have brought." *Heike v. Cent. Michigan Univ. Bd. of Trustees*, 573 F. App'x 476, 482 (6th Cir. 2014) (emphasis original). "[P]laintiffs cannot avoid the effects of claim preclusion by merely repacking their grievances into alternative

13

theories of recovery or by seeking different remedies." *Id.* (citing *Rawe v. Liberty Mut. Fire Ins. Co.,* 462 F.3d 521, 529 (6th Cir. 2006)).

True, Bardes's original action was a petition for a writ of mandamus against the United States, while this one is a personal injury claim. That doesn't matter. As the Court suggested above, given that both actions are based on the same transaction and same operative facts, he should have joined all the parties and sought all the remedies he was looking for in the first action. *Moore, Successor Tr. of Clarence M. Moore & Laura P. Moore Tr. v. Hiram Twp., Ohio*, 988 F.3d 353, 361 (6th Cir. 2021) ("The doctrine of res judicata requires a plaintiff to advance all theories for every ground of relief in the first action or be forever barred from asserting it. … Where, as here, claims brought in the second suit arose from the same transaction, or series of transactions forming the basis of the first suit, those claims must be litigated in the earlier action.") (citations and internal quotation marks omitted).

### 4. Both causes of action share an identity.

Whether causes of action share an identity "*depends on factual overlap.*" *Heike*, 573 F. App'x at 483 (citing *United States v. Tohono O'Odham Nation,* 563 U.S. 307, 316 (2011)) (emphasis original). Two suits share an identity "if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *Id.*[6]

---

[6] In cases where both the later suit and the earlier suit involve the same "transaction, or series of transactions," the fourth element and the third element seem largely to merge. *See, e.g., Moore*, 988 F.3d at 361; *Rawe*, 462 F.3d at 529.

14

If one were to map the "factual overlap" of Bardes's two actions on a Venn diagram, it would be a circle. The Magistrate Judge highlighted that both complaints "contain many identical allegations" and Exhibit A attached to both complaints is *exactly* identical.[7] (Doc. 28, #334–35, n. 10). In both cases, Bardes accused Bush, Cheney, the CIA, and all the named parties here of trying to interfere with his website, target him, and kill him because of his research into Cold Cell torture. (*Compare* Doc. 3-1 *with* Doc. 3-1 in Case No. 1:21-cv-598). Other than the type of relief sought (mandamus vs. money), the Court cannot see any difference between the two actions at all.

Because all four factors apply, claim preclusion bars Bardes's Complaint. And because the Court is on notice that it decided the prior decision, the Court can sua sponte take notice of that, rendering the Complaint legally frivolous.

**B.    Bardes's Complaint is factually frivolous.**

A complaint is factually frivolous when it contains "fanciful factual allegation[s]." *Neitzke*, 490 U.S. at 325. When sua sponte evaluating a complaint for factual frivolousness, courts have "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[8] *Id.* at 327.

---

[7] Exhibit A logs traffic to his website and forms the backbone of his allegations that the defendants are "meeting" on his website, colluding, and trying to interfere with his research.

[8] As the Court explained earlier, *supra* note 2, the Sixth Circuit uses this "unusual power" even when plaintiffs *have* paid filing fees, pursuant to *Apple v. Glenn*.

15

Courts in this Circuit have found allegations similar to Bardes's to be factually frivolous—including allegations that (1) the "deep state" surveilled and brainwashed a plaintiff and his wife, *Tucker v. FBI Head Quarters*, No. 19-13626, 2020 WL 2059866, at *2 (E.D. Mich. Apr. 29, 2020); (2) various unnamed parties molested and tortured a plaintiff using biomedical treatments, *Bartlett v. Kalamazoo Cnty. Cmty. Mental Health Bd.*, No. 18-1319, 2018 WL 4492496, at *1–2 (6th Cir. Aug. 22, 2018); (3) defendants have conspired to cover up evidence of government officials targeting a plaintiff, *Marshall v. Stengel*, No. 3:10CV-159-S, 2010 WL 1930172, at *1–2 (W.D. Ky. May 12, 2010); and (4) the government surveilled and tortured a plaintiff, *Marshall v. Huber*, No. CIV.A. 3:09-CV-54-S, 2009 WL 1904337, at *1–2 (W.D. Ky. July 1, 2009).

Much like the plaintiff in *Bartlett*, Bardes claims he faced exotic torture methods. And like the plaintiffs in *Tucker* and *Huber*, Bardes says that the government has surveilled him. Moreover, like the plaintiff in *Stengel*, he alleges a conspiracy of powerful actors trying to cover up their misdeeds against him. These assertions are quintessential examples of fanciful factual allegations—as the Magistrate Judge noted, they "stand genuinely outside the common experience of humankind." (Doc 28, #337) (citing *Robinson v. Love*, 155 F.R.D. 535, 535 (E.D. Pa. 1994)). So, Bardes's complaint is factually frivolous.

### C. The Court should dismiss under Fed. R. Civ. P. 12(b)(1).

Given that the claims are both legally and factually frivolous, the Court agrees with the Magistrate Judge that it should sua sponte dismiss the case with prejudice.

16

But the Court parts ways at the margins as to how it should accomplish that dismissal. The Magistrate Judge suggests sua sponte dismissal with prejudice under Fed. R. Civ. P. 12(b)(6), for failure to state a claim. But the Court does not believe that is an option. Rather, the dismissal should be accomplished under Fed. R. Civ. P. 12(b)(1).

As noted earlier, this Court's power to sua sponte dismiss cases for frivolousness is detailed in *Apple v. Glenn*—"[g]enerally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." 183 F.3d at 479 (citing *Benson,* 179 F.3d at 1017). The *Apple* Court traces these protections back to *Tingler v. Marshall,* 716 F.2d 1109 (6th Cir. 1983). But, as explained earlier, the *Apple* Court clarifies that "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, *frivolous*, devoid of merit, or no longer open to discussion." 183 F.3d at 479 (citing *Hagans,* 415 U.S. at 536–37) (emphasis added).

Note that the court specifies Rule 12(b)(1). This is for good reason. The *Apple* Court brackets this whole discussion by warning that "when a district court is faced with a complaint that appears to be frivolous or unsubstantial in nature, dismissal under Rule 12(b)(1) (as opposed to Rule 12(b)(6)) is appropriate in only the rarest of circumstances where, as in the present case, the complaint is deemed totally

17

implausible. Otherwise, a district court must afford the plaintiff the procedural protections of *Tingler* before dismissing the complaint."

This language suggests two paths for dismissing a complaint. The first is to dismiss under 12(b)(6) after providing the plaintiff an opportunity to amend, as *Tingler* commands. The other is to dismiss sua sponte under 12(b)(1), in those "rarest of circumstances" where the complaint is "totally implausible," thus depriving a court of subject-matter jurisdiction.

Bardes's Complaint is one of those rare ones that belongs to the latter category. Thus, no opportunity to amend is warranted. Accordingly, the Court will dismiss the matter under Fed. R. Civ. P. 12(b)(1).

**D.    The Court should dismiss with prejudice.**

One question lingers. "Dismissal for lack of subject matter jurisdiction ordinarily is without prejudice, since by definition this Court lacks power to reach the merits of Plaintiff's claims." *Lee v. Taylor*, No. 1:22-CV-354, 2022 WL 2662955, at *3 (S.D. Ohio July 11, 2022), *report and recommendation adopted*, No. 1:22-CV-354, 2022 WL 4007609 (S.D. Ohio Sept. 2, 2022) (citing *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005)). Yet the Court previously suggested it would dismiss Bardes's Complaint for lack of subject-matter jurisdiction *with* prejudice. How? "While normally dismissal for lack of subject matter jurisdiction is without prejudice, dismissal with prejudice is appropriate … [when the] Complaint is frivolous." *See Jones v. United States*, No. 2:20-cv-2331, 2021 WL 981298, at *3 (W.D. Tenn. Mar. 16, 2021) (citing *Meitzner v. Young*, No. 16-1479, 2016 WL 11588383, at *1 (6th Cir.

18

Oct. 25, 2016); *Ernst*, 427 F.3d at 367). Because Bardes's Complaint is both legally and factually frivolous, the Court can dismiss with prejudice even though it lacks subject-matter jurisdiction.

## CONCLUSION

For the reasons above, the Court largely **ADOPTS** the R&R's conclusions. (Doc. 28). But the Court **DISMISSES** Bardes's Complaint (Doc. 1) **WITH PREJUDICE** for lack of subject-matter jurisdiction under Rule 12(b)(1), not for failure to state a claim under Rule 12(b)(6). Because the Court lacks subject-matter jurisdiction, the Court **DENIES** all pending motions (Docs. 5, 8–13, 15, and 25) as **MOOT** and **OVERRULES** Bardes's Objections (Doc. 31) to the R&R. Finally, the Court notifies Bardes that submitting any additional objectively frivolous filings may result in the Court declaring him a vexatious litigator. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

    **SO ORDERED.**

March 6, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**